**Date Signed:
March 21, 2015**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re LOSI TYRELL, | Case No. 14-00205<br>Chapter 13 |
| Debtor. | |
| LOSI TYRELL, | Adv. Pro. No. 14-90042 |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA, | Re: Dkt. No. 26 |
| Defendant. | |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.  Background**

In 2003, Losi Tyrell, the debtor in this chapter 13 bankruptcy, borrowed $137,380 from Colorado Federal Savings Bank to purchase real property and gave the bank a mortgage on the property to secure the loan. The real property is

registered in Hawaii's Land Court, which is a Torrens system of land registration. Bank of America (BOA) has serviced the mortgage since 2003. The mortgage was initially assigned to the Mortgage Electronic Recording System (MERS), but it since assigned the mortgage to BOA. BOA states that it holds the original, wet-ink note.

Before this bankruptcy, in 2011, the debtor and his wife allegedly[1] met with a man named Craig Shishido. According to the debtor, Mr. Shishido told them that if the debtor and his wife paid him "a sum of money," Mr. Shishido would obtain a release of the mortgage. At the hearing on this motion, the debtor's attorney stated that the debtors thought this was similar to a refinancing transaction. They agreed to this transaction, and on April 19, 2011, BOA received a check from Mr. Shishido for $118,725.64.

The debtor admits, however, that the check was "fraudulent in that it drew from nonexistent funds." According to BOA, Mr. Shishido had sent 130 similar checks between March 21 and May 20, even though the account was closed in May 2011. BOA says that this was what is called an "EFT scheme." The debtor alleges that he and his wife and BOA did not know that the check was fraudulent. There is no evidence to the contrary.

Although the check never cleared and the mortgage debt was never paid,

---

[1] This recitation of the factual basis of the debtor's claims is based on the complaint and the arguments of his counsel. The debtor has not offered a declaration or even a shred of other evidence in support of his factual assertions.

2

U.S. Bankruptcy Court - Hawaii   #14-90042   Dkt # 38   Filed 03/21/15   Page 2 of 14

MERS released the mortgage twice. Both releases are noted on the certificate of title.

In May 2013, the debtor and his wife filed their petition in the Land Court to remove the cloud on their title which the mortgage created. In response, BOA filed a counter-petition. The debtor and his wife withdrew their petition, and the Land Court set a date to hear BOA's counter-petition, but the Land Court never decided the counter-petition because the debtor filed his chapter 13 case on February 19, 2014.

The debtor filed this adversary proceeding in July 2014. In his complaint, he objects to BOA's claim filed in the main bankruptcy case and he also seeks "a determination of the nature and validity of Defendant BOA's purported lien on the Subject Property."[2]

He makes three arguments. First, he contends that BOA is not entitled to enforce the note. He points out that BOA has presented two different copies of the note. This, according to the debtor, calls into question whether BOA actually possesses the original note. He also speculates that the endorsements on the note were invalid because they were made by companies that are now defunct. Second, he asserts that the MERS to BOA assignment was invalid, since MERS already released the mortgage. Third, he argues that the releases of the mortgage were valid

---

[2] Dkt. 1 at 16.

and that BOA should sue Mr. Shishido, not the Tyrells, because the release was a unilateral mistake.

BOA has now filed a motion for summary judgment.

At the hearing on the motion, BOA's attorney produced what appears to be the original note with wet-ink signatures.

## II. Jurisdiction

This is a core proceeding, and the bankruptcy court has the power and authority to enter a final judgment.

## III. Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[3] Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4]

Once the moving party has carried its initial burden of production, the nonmoving party "must produce evidence to support its claim or defense."[5] If the

---

[3] Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056.

[4] *Huey v. Honeywell, Inc.*, 82 F.3d 327, 334 (9th Cir. 1996) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

[5] *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

4

nonmoving party "fails to produce enough evidence to create a genuine issue of material fact," the moving party wins the motion.[6]

## VI. Discussion

### A. BOA made a *prima facie* case showing that it is entitled to enforce the note and mortgage and the debtor offered no contrary evidence.

The debtor objects to BOA's claims, contending that BOA has not established its right to assert those claims.

In order to enforce a note and mortgage under Hawaii law, a creditor must be "a person entitled to enforce" the note.[7] One person entitled to enforce an instrument is a "holder" of the instrument. A "holder" is the "person in possession of a negotiable instrument."[8]

BOA has carried its burden to establish that it is a holder of the note. BOA filed a declaration stating that it was in possession of the original, wet-ink note.[9] And then at the hearing on this motion, BOA presented to me a physical note, which appeared to be the original note with the debtor's and his wife's wet-ink signatures and all required endorsements.

---

[6] *Id.*

[7] Haw. Rev. Stat. § 490:3-301.

[8] Haw. Rev. Stat. § 490:1-201(b).

[9] Dkt. 27-1 at 2.

5

The debtors presented *no* evidence to contradict BOA's proof. Instead, the debtor speculated that some of the endorsements on the note are not genuine. But speculation is not sufficient to create a genuine dispute of fact. Under the Uniform Commercial Code, the signatures on a note are presumed authentic unless a party denies it in the pleadings[10] *and* introduces evidence "which would support a finding that the signature is forged or unauthorized."[11] The burden of proving the authenticity of the signatures does not shift to the party seeking to enforce the instrument unless and until the opposing party makes an adequate showing that the signatures are not authentic.[12]

Even if speculation were sufficient, the debtor's speculations are unpersuasive. The debtor first points out that BOA has previously offered two photocopies of the note that vary in some respects. The debtor contends that this suggests that BOA does not have the real note. But BOA has provided evidence (which the debtor has not controverted) that BOA customarily makes copies of the note at various times during the life of the loan and that one of the two copies was made before some of the endorsements were affixed. This explanation is

---

[10] Haw. Rev. Stat. § 490:3-308(a).

[11] Haw. Rev. Stat. § 490:3-308, cmt. 1 (discussing the interplay between Haw. Rev. Stat. § 490:3-308 and the definition of "presumed" in Haw. Rev. Stat. § 490:1-201).

[12] *Id.*

U.S. Bankruptcy Court - Hawaii   #14-90042   Dkt # 38   Filed 03/21/15   Page 6 of 14

logical and supported by uncontroverted evidence. The debtor also speculates that some of the endorsements might have been forged because some of the prior payees have gone out of business. But the debtor has offered no evidence that the endorsements were in fact made after the payee was defunct. In short, the debtor did not introduce any evidence calling the validity of the note into question.

Based on the evidence in the record, I must conclude that BOA's note is genuine and that all the signatures on the note are authentic. Hawaii law requires that result. Without any contrary evidence, it would be improper for me to conclude otherwise.

It necessarily follows that BOA is entitled to enforce the mortgage. Under Hawaii law, the security automatically follows the obligation. The party entitled to enforce a promissory note secured by a mortgage may enforce the mortgage regardless of whether the mortgage was separately assigned to that party.[13]

### B. The debtor's request to have an expert inspect the note is denied.

In its papers in support of the motion, BOA promised to produce the original note for inspection at the hearing. Despite this promise, the debtor's attorney elected to appear at the hearing by telephone, so he was unable to inspect

---

[13] *In re The Mortgage Store*, 509 B.R. 292, 296 (Bankr. D. Haw. 2014) (citing *S.N. Castle Estate v. Haneberg*, 20 Haw. 123, 130 (Haw.1910) ("The assignment of the notes, however, of itself operated as a matter of law as an assignment of the mortgage and of the mortgagee's powers under it.")).

U.S. Bankruptcy Court - Hawaii   #14-90042   Dkt # 38   Filed 03/21/15   Page 7 of 14

the note. I did inspect the note, and it appeared to be the original of the note, copies of which were attached to the moving papers, and also appeared to bear wet-ink signatures.

At the hearing, the debtor's attorney requested, for the first time, an opportunity to have an expert inspect the note. I will deny this request.

Rule 56(d) provides that, "[i]f a nonmovant shows by an affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" grant appropriate relief, including an allowance of additional time. The debtor offered no affidavit or declaration showing any reason why the debtor could not have arranged for an inspection of the note before the hearing.[14] Although this adversary proceeding has been pending since July 2014, there is no indication that the debtor made a request for production of the note[15] or took any other steps to inspect it prior to the hearing.

The debtor's belated request is likely a stalling tactic. Parties opposing summary judgment cannot "demand a trial because of the speculative possibility that a material issue of fact may appear at that time."[16] As Justice Cardozo stated: "'The very object of a motion for summary judgment is to separate what is formal

---

[14] Fed. R. Civ. P. 56(d).

[15] Fed. R. Civ. P. 34.

[16] *Id.* (discussing the history of Rule 56).

8

U.S. Bankruptcy Court - Hawaii   #14-90042   Dkt # 38   Filed 03/21/15   Page 8 of 14

or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.'"[17] In the absence of any evidence, I can only consider the debtor's position to be "pretended," and does not represent a "genuine and substantial" dispute.

    **C.    The Land Court statute is the proper framework to analyze this case.**

Both parties analyzed the case using contract law. The debtor argued that the release was a unilateral mistake, therefore the court cannot void the transaction. In contrast, BOA argued that the release was a result of mutual mistake or fraudulent inducement and, therefore, voidable.

This approach, however, forces the case into a Procrustean bed of contract law. Sending a fraudulent check in payment of a debt was not an offer under traditional concepts of contract law. Similarly, releasing the mortgage was not an acceptance. Any duties to pay the mortgage and then release it existed before Mr. Shishido sent the check.[18] They resulted from the note and mortgage, which Hawaii law considers a contract.[19]

---

[17] 10B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2739 (3d ed. 2014) (quoting *Richard v. Credit Suisse*, 152 N.E. 110, 111 (N.Y. 1926)).

[18] The mortgage reads in relevant part: "**Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument to Borrower. . . . ." Dkt. 1-1 at 6.

[19] *Beneficial Hawaii, Inc. v. Kida*, 30 P.3d 895, 918 (Haw. 2001).

9

Contract law is inapplicable here. The principles on which the parties rely–mistake and fraudulent inducement–only apply to contract formation.[20] This case, however, involves one party's mistake about performance under the contract. The debtor had a duty to pay the bank under the terms of the contract, just as the bank had a duty to release the mortgage after its debt was paid in full. BOA mistook Mr. Shishido's check for the debtor's good faith performance under the contract.

Contract law is also a bad fit to this situation because whether the release of a mortgage on Land Court property may be revoked is a matter that concerns the Land Court statute. The Land Court has broad power to expunge memoranda from the certificate of title if an "error, omission, or mistake was made in entering a certificate or any memorandum thereon . . . ."[21] A motion to expunge under

---

[20] *See, e.g.*, Restatement (Second) of Contracts § 152 (1981) ("Where a mistake of both parties *at the time a contract was made* as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party . . . .") (emphasis added); *see also id.* § 153 ("Where a mistake of one party *at the time a contract was made* as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable . . . .") (emphasis added); *see also id.* Chapter 6 Mistake, Introductory Note ("The type of mistake dealt with in [the chapter about mistakes] is one that relates to existing facts that the parties regard as a basis for making an agreement. . . . Important questions may arise as to money paid or other performance rendered by mistake, for example, under a mistaken belief that such performance is due under an actual or supposed contract. . . . Such matters are, for the most part, left to the Restatement of Restitution.); *see also id.* § 164 ("If a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient.").

[21] Haw. Rev. Stat. § 501-196.

10

section 501-196 is the only mechanism to remove memoranda from a certificate of title registered in the Land Court.[22] It follows, therefore, that section 501-196 is the proper framework for this case.

### D. Under the Land Court statute, the bankruptcy court has the power to expunge the memoranda releasing the mortgage.

When federal courts interpret state law, they must predict the outcome under state law and they are bound by the decisions of the highest courts in the state.[23] If the highest court has not addressed an issue, federal courts must predict how an issue would be resolved by "'relying on intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'"[24] Hawaii courts begin with the plain meaning of the statute.[25] The words are given their common meaning unless the wording requires a different interpretation.[26]

Section 501-52 reads:

The court may make and award all such judgments, decrees, orders, and mandates, issue all such executions, writs of possession, and other processes,

---

[22] *In re 2003 and 2007 Ala Wal Blvd.,* 944 P.2d 1341, 1348-49 (Haw. 1997).

[23] *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 865 (9th Cir. 1996) (quoting *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir.1995)).

[24] *Id.*

[25] *Keliipuleole v. Wilson*, 941 P.2d 300, 304-05 (Haw. 1997).

[26] *Id.*

11

and take all other steps necessary for the promotion of justice in matters
pending before it, and to carry into full effect all powers which are, or may be
given to it by law.[27]

The relevant part of section 501-196 reads:

Any registered owner or other person in interest may at any time apply by
petition to the court, upon the ground that . . . any error, omission, or
mistake was made in entering a certificate or any memorandum thereon.[28]

It continues:

The court shall have jurisdiction to hear and determine the petition after
notice to all parties in interest and may order the entry of a new certificate,
the entry or cancellation of a memorandum upon a certificate, or grant any
other relief upon such terms and conditions, requiring security if necessary,
as it may deem proper.[29]

Reading the provisions together, the plain meaning of the statute is that the Land Court has the power to determine if someone made an entry on the certificate of title by "error, omission, or mistake." If a mistake was made, the court has the power to take actions to expunge the mistake in the interest of justice. The statute does not specify *by whom* the mistake must have been made. Whether it was a clerk at the Land Court or the parties requesting the memorandum on the certificate of title is immaterial.[30] Therefore, I conclude that if

---

[27] Haw. Rev. Stat. § 501-52.

[28] Haw. Rev. Stat. § 501-196.

[29] *Id.*

[30] *See In re Kamau*, 32 Haw. 680 (1933) (holding that the Land Court may hear and determine the validity of an allegedly fraudulently entered mortgage memorandum on a certificate

12

U.S. Bankruptcy Court - Hawaii   #14-90042  Dkt # 38   Filed  03/21/15   Page 12 of 14

MERS made a mistake, or if BOA made a mistake when it directed MERS to release the mortgage, then the bankruptcy court has the power to expunge the memorandum releasing the mortgage.

The memorandum should be expunged. The following facts are not disputed: (1) the debtor borrowed money and gave a mortgage when he purchased real estate; (2) Mr. Shishido sent BOA a check from a closed account in a scheme to induce the mortgage holder to release the mortgage; (3) MERS released the mortgage; and (4) the mortgage was released because BOA relied on what turned out to be a bad check made with the intent to defraud BOA. Those facts show that MERS released the mortgage because BOA relied on a fraudulent check. This was an "error" or a "mistake" by BOA. Since the mortgage was released due to error or mistake, the Land Court, and by extension the bankruptcy court, has the power to correct the certificate of title.[31] The parties agree that BOA was the victim of fraud and mistakenly released the mortgage. However, the debtor has not provided any valid reason why he should receive a windfall at BOA's expense or why that would be in the interest of justice.

## V. Conclusion

---

of title under the precursor to Haw. Rev. Stat. § 501-196).

[31] 28 U.S.C. § 1652.

13

U.S. Bankruptcy Court - Hawaii    #14-90042    Dkt # 38    Filed 03/21/15    Page 13 of 14

For the reasons stated above, the defendant's motion is GRANTED. BOA's secured claim is allowed. Counsel for BOA shall submit a proposed final judgment.

**END OF MEMORANDUM**

U.S. Bankruptcy Court - Hawaii   #14-90042   Dkt # 38   Filed 03/21/15   Page 14 of 14